IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SILDA NIKAJ** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.** |
| | § | |
| **TEXAS CHRISTIAN UNIVERSITY** | § | |
| **Defendant.** | § | |

PLAINTIFF'S ORIGINAL COMPLAINT
AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Silda Nikaj, hereinafter called Plaintiff, complaining of and about Texas Christian University ("TCU") hereinafter called Defendant, and for cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

1.      Plaintiff Silda Nikaj is a citizen of the United States and the State of Virginia and resides in Alexandria, Virginia.

2.      Defendant Texas Christian University is a non-profit Texas corporation whose principal place of business is located in Tarrant County, Texas. Texas Christian University can be served with process by serving its registered agent for service of process, Victor Boschini Jr., 2800 South University Dr. Fort Worth, Texas 76129.

**JURISDICTION**

3.      Defendant is an employer within the meaning of 42 U.S.C. §2000e(b).

4.      This Court has jurisdiction to hear the merits of Plaintiff's claim under 28 U.S.C. § 1331 and 1334 and 42 U.S.C. §2000e-5(f)(3). Venue is proper in the district and division under

1

28 U.S.C. § 1391(b) and 42 U.S.C. §2000e-5(f)(3).

## NATURE OF ACTION

5.     This is an action under Title 42 U.S.C. Section 2000e et. Seq. as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of gender, including unequal pay and retaliation. This is also an action under Title 42 U.S.C. Section 2000e et. Seq. as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and national origin as well as under Section 1981.

## CONDITIONS PRECEDENT

6.     All conditions precedent to the institution of this lawsuit have been fulfilled. Plaintiff has been issued a Right to Sue letter by the Equal Employment Opportunity Commission on October 30, 2019 and this lawsuit is being filed with 90 days of the issuance of that letter.

## FACTS

7.     Dr. Nikaj graduated from the University of Illinois at Chicago with a PhD in Economics in August 2012. Her areas of specialization are Health Economics and Labor Economics

8.     Texas Christian University, ("TCU") hired Dr. Silda Nikaj in August of 2012 in a tenure track position.

9.     During her employment, she faced blatant discrimination based on gender, female, and race/national origin (Eastern European/Albanian).

10.     When she complained about her treatment, instead of her situation getting better, TCU made her job more difficult by assigning her more time-consuming teaching assignments and responding with outright hostility.

2

11.     Plaintiff filed her charge of discrimination on or about June 27, 2017 and her charge was assigned Charge No. 450-2017-03283. After an investigation of her charge by the Equal Employment Opportunity Commission "EEOC"), the EEOC issued a cause finding on her claims of gender discrimination based on pay.

12.     During her employment, Plaintiff repeatedly engaged in protected activity, filing two complaints with TCU's Title IX coordinator and complaining directly to her economics department chair. Dr. Nikaj filed the initial complaint in November of 2015 and the second complaint in November of 2016.

13.     TCU did pay Dr. Nikaj equally pay for her work, despite that among other things she was expected to teach a heavier case load than her male peers.   Because of this, Dr. Nikaj filed a complaint which resulted in a number of meetings with the Title IX office as well as with the chair of the Department of Economics.

14.     In September of 2016, her department at TCU also did not take seriously a hate crime that occurred in her class – she was targeted on the basis of her ethnic origin and found swastikas drawn in her classroom.

15.     After her initial complaints, Dr. Nikaj suffered a number of incidents of retaliation, which included:

A. TCU attempted to increase the research requirements she needed to complete in comparison with male faculty and/or faculty who did not engage in protected activity;

B.     TCU had different expectation of her for attendance of Faculty meetings than for her male colleagues;

C.     The Department chair added a new metric to her tenure requirements that benefited a similarly situated male colleague at her expense;

D.      The Department chair created a new rule intended to make it more difficult for faculty (including Plaintiff) to complain of disparate treatment/discrimination;

E.      Efforts to embarrass Plaintiff by inappropriately contacting other members of the profession questioning the validity of her work;

F.      After multiple incidents of retaliation, Plaintiff reached out to her Associate Dean and expressed concerns that her Department Chair could not fairly assess her performance – the very next day she was reprimanded and belittled her for her concerns.

16.     Defendant TCU chose to discriminate against Plaintiff by paying her unequally for equal work, and when she complained, TCU retaliated against Plaintiff in a way that resulted in actual or constructive termination.

## GENDER DISCRIMINATION UNDER TITLE VII

17.     Plaintiff incorporates by reference paragraphs 1-16 above. Defendants intentionally engaged in unlawful employment practices involving Plaintiff because of her gender.

18.     Defendants discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's gender in violation of Title VII.

19.     Defendants classified Plaintiff in a manner that deprived her of an equal employment opportunity that was provided to employees similarly situated but outside her protected class in violation of Title VII.

4

20.     Plaintiff alleges that Defendants, discriminated against Plaintiff on the basis of gender with malice

## RACE DISCRIMINATION UNDER SECTION 1981 AND TITLE VII

21.     Plaintiff incorporates by reference paragraphs 1-16 above. Defendants intentionally engaged in unlawful employment practices involving Plaintiff because of her national origin and race.

22.     Defendants discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's race in violation of Section 1981 and Title VII.

23.     Defendants classified Plaintiff in a manner that deprived her of an equal employment opportunity that was provided to employees similarly situated but outside her protected class in violation of Section 1981, and Title VII.

24.     Plaintiff alleges that Defendants, discriminated against Plaintiff on the basis of race with malice or with reckless indifference to the federal and state-protected rights of Plaintiff.

or with reckless indifference to the federal and state-protected rights of Plaintiff.

## RETALIATION BY DEFENDANT

25.     Plaintiff alleges that Defendant instituted a campaign of retaliation which included her constructive termination. This retaliation was and is due to Plaintiff exercising her rights by opposing a discriminatory practice. Plaintiff suffered damages for which Plaintiff herein sues.

26.     Plaintiff incorporates by reference paragraphs 1-24 above. Defendants

intentionally engaged in unlawful employment practices involving Plaintiff because of her complaints of race and gender discrimination.

27.    Defendants retaliated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's protected activity in violation Section 1981 and Title VII.

28.    Defendants classified Plaintiff in a manner that deprived her of an equal employment opportunity that was provided to employees who did not engage in protected activity in violation of Section 1981 and Title VII.

29.    Plaintiff alleges that Defendant retaliated against Plaintiff on the basis of her complaints by failing to complete an unbiased investigation and constructively terminating her employment with malice or with reckless indifference to the federal and state-protected rights of Plaintiff.

## DAMAGES

30.    Plaintiff sustained the following damages because of the actions and/or omissions of Defendant described hereinabove:

   a.    All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

   b.    Back pay from the date that Plaintiff was paid unequally;

   c.    Back pay from the date of termination and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

   c.    All reasonable and necessary costs incurred in pursuit of this suit;

   d.    Expert fees as the Court deems appropriate;

e.   Front pay in an amount the Court deems equitable and just to make Plaintiff whole; and

f.   Loss of benefits.

## SPECIFIC RELIEF

32.   Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

a.   Reinstate Plaintiff to the position and pay grade which Plaintiff held but for the unlawful actions of Defendant, and should reinstatement not be feasible, front pay.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Dr. Silda Nikaj, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: /s/ *Edith K. Thomas*
      Edith K. Thomas
      Texas Bar No. 24060717
      E-Mail:  edith@ediththomaslaw.com
      777 Main Street
      Suite 600
      FORT WORTH, TX 76102
      Tel. (888) 760-0149
      Fax. (972) 692-7988
      Attorney for Plaintiff

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**