# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SILDA NIKAJ | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-0171-S |
| | § | |
| TEXAS CHRISTIAN UNIVERSITY | § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Texas Christian University's Motion to Transfer Venue [ECF No. 10]. For the following reasons, the Court **GRANTS** the Motion and transfers this case to the Northern District of Texas, Fort Worth Division.

### I. BACKGROUND

Silda Nikaj ("Plaintiff") was a faculty member at Defendant Texas Christian University ("Defendant") in Fort Worth, Texas, between 2012 and 2016. *See* Compl. ¶¶ 8, 14; *see also* Mot. to Transfer ("Mot.") 1. Plaintiff alleges that during her employment, Defendant discriminated against her on the basis of gender, race, and national origin. *See* Compl. ¶ 9. On June 27, 2017, Plaintiff filed a charge against Defendant based on this discrimination with the Equal Employment Opportunity Commission ("EEOC"). *See id.* ¶ 11. Ultimately, the EEOC issued a cause finding on her claims of discrimination based on pay. Pl.'s Resp. to Def.'s Mot. to Transfer ("Resp.") 6. Plaintiff filed the this lawsuit on January 23, 2020, bringing claims for discrimination on the basis of gender, race, and national origin in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq. ("Title VII") and on the basis of race and national origin in violation of 42 U.S.C. § 1981. Mot. 1. Defendant timely filed the pending Motion, which is now ripe and before this Court.

## II. ANALYSIS

A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The party moving for a change of venue "bears the burden of demonstrating why the forum should be changed," but the "decision to transfer a pending case is committed to the sound discretion of the district court." *EnviroGLAS Prods., Inc. v. EnviroGLAS Prods., LLC*, 705 F. Supp. 2d 560, 569 (N.D. Tex. 2010) (citing, among other authorities, *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988)).

In resolving a motion to transfer pursuant to § 1404(a), a district court must first decide "whether the judicial district to which transfer is sought is a district in which the claims could have been filed." *McCaskill v. Skyline Post Acute, LLC*, Case No. 3:19-cv-1276-L, 2019 WL 4395284, at *1 (N.D. Tex. Aug. 29, 2019) (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*")), *report adopted*, 2019 WL 4394079 (N.D. Tex. Sept. 13, 2019). Once this is established, the court must weigh the private and public interest factors to determine "whether a § 1404(a) venue transfer is for the convenience of the parties and witnesses and in the interests of justice." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*").

> The *private interest factors* are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." The *public interest factors* are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."

*Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (emphasis added). This list of factors is non-exhaustive and "no single factor is given dispositive weight." *EnviroGLAS*, 705 F. Supp. 2d

at 569-70 (quoting *Volkswagen I*, 371 F.3d at 203). The parties do not dispute that Plaintiff's claims could have been originally brought in the Northern District of Texas, Fort Worth Division. *See* Mot. 1-2; Resp. 1-2. Therefore, the sole issue before the Court is whether the public and private interest factors weigh in favor of an intra-district transfer to the Fort Worth Division.[1]

First, the Court finds that most of the private interest factors weigh in favor of transferring this action. As to the first private interest factor, "the question is *relative* ease of access, not *absolute* ease of access." *McCaskill*, 2019 WL 4395284, at *2 (quoting *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013)). "Here, although the Dallas and Fort Worth Divisions are close in proximity, access to proof would be more convenient in Fort Worth than it would be in Dallas." *Id.* Importantly, "the parties have not given any indication than any events pertinent to the violations alleged in the complaint took place outside of the Fort Worth Division." *Id.* The third private interest factor also weighs in favor of transferring this action. All the named witnesses would be forced to travel a greater distance if the Motion is denied. *See* Mot. 3; *McCaskill*, 2019 WL 4395284 at *3 (focusing the Court's inquiry on the convenience to *identified* non-party witnesses with a focus on their location). The cost of attendance and convenience of witnesses is "often regarded as the most important factor when deciding whether to transfer venue," *McCaskill*, 2019 WL 4395284 at *3 (citing *AT&T Intellectual Prop. I, L.P v. Airbiquity, Inc.*, Civ. A. No. 3:08-cv-1637-M, 2009 WL 774350, at *5 (N.D. Tex. Mar. 24, 2009)).

The Court further finds that on balance, the public interest factors weigh in favor of transfer. Notably, as "'the events giving rise to this action [all] occurred'" in Fort Worth, "[t]he

---

[1] Plaintiff argues that the Court must give weight to her choice of forum. Resp. 1. While a plaintiff's choice of forum should receive a "degree of deference," the Fifth Circuit has clarified that "the plaintiff's choice of venue is not a distinct factor in the § 1404(a) analysis." *Siragusa v. Arnold*, No. 3:12-CV-04497-M, 2013 WL 5462286, at *1 n.2 (N.D. Tex. Sept.16, 2013) ((first citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966); and then citing *Volkswagen II*, 545 F.3d at 314-15)). In this case, Defendant has "clearly demonstrated that a different venue would be more appropriate." *Id.*

3

second public interest factor, the local interest in having localized interests decided at home, favors transfer." *Clark*, 2019 WL 3006545, at *5 (quoting *Volkswagen II*, 545 F.3d at 315). Having considered and weighed all factors regarding Defendant's Motion, the Court finds that Defendant has "clearly demonstrate[d] that [the] transfer is for the convenience of parties and witnesses, in the interest of justice." *Volkswagen II*, 545 F.3d at 315.

### III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant Texas Christian University's Motion to Transfer Venue and transfers this case to the Northern District of Texas, Fort Worth Division.

**SO ORDERED.**

SIGNED May 6, 2020.

_____
**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**